SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DERRICK PORTER,

                                    Plaintiff,

            -against-

THE CITY OF NEW YORK, MICHAEL E.
MANZELLA, and JOHN DOE,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CV 12 - 3286

BLOCK, J. COMPLAINT

PLAINTIFF DEMANDS
A TRIAL BY JURY

POHORELSKY, M.J.

        Plaintiff, Derrick Porter, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.      At all times hereinafter mentioned, plaintiff Derrick Porter was an adult

male resident of Kings County, within the State of New York.

        2.      At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

        3.      At all relevant times hereinafter mentioned, defendant Michael E.

Manzella (Tax 916127) was an adult male employed by the City of New York as a member of

the NYPD.  Manzella is sued herein in his official and individual capacities.

        4.      At all relevant times hereinafter mentioned, the John Doe defendant

was an employee of the City of New York as a member of the NYPD whose identity is

currently unknown.  The Doe defendant is sued herein in his official and individual

capacities.

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

1343 and 1367, and 42 U.S.C. § 1983.

6.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in

the Eastern District of New York, where the plaintiff and defendant City of New York

reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7.     On January 17, 2010, at about 1:59 a.m., plaintiff was exiting an

apartment building at 233 Sands Street, County of Kings, State of New York.

8.     Plaintiff was lawfully present in the building as a guest of his mother,

who is a resident of the building.

9.     At this time, defendant Manzella and the Doe defendant stopped and

questioned plaintiff.

10.     Plaintiff was not engaged in any unlawful or suspicious activity, and

informed defendants that he was in the building to visit his mother.

11.     Although there was no legal basis to stop, detain or seize the plaintiff,

defendants placed the plaintiff in handcuffs and searched him.  The search yielded no

evidence of guns, drugs or contraband.

12.     Rather than release plaintiff, the defendants threatened to arrest

plaintiff for trespassing.

-2-

13.    Plaintiff complied with defendants' request, gave the defendants his mother's apartment number, and the defendants then went to her apartment number where they knocked on her door inaudibly.

14.    Not able to hear the officers knocking, and unaware that her son had been detained by members of the NYPD, plaintiff's mother never came to the door.

15.    Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested plaintiff.

16.    The decision to arrest plaintiffs was objectively unreasonable under the circumstances.

17.    Defendants then took plaintiff to a local area NYPD service area where he was held for several hours.  After a number of hours, plaintiff was transferred to Central Booking, where they were held for many more hours before being transferred to Riker's Island where he was held in the custody of the New York City Department of Corrections ("DOC") for approximately ten days pursuant to this arrest.

18.    The criminal complaint on which plaintiff was "arraigned" included false statements of fact made by defendant Manzella including, but not limited to, allegations that he observed the defendant "inside the lobby, beyond the vestibule, of the above-mentioned premises" and that "defendant did not have permission or authority to enter and remain in those premises." These allegations contained in the complaint were false and defendant Manzella knew them to be false when she made them.

-3-

19.    The factual allegations made by defendant Manzella against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

20.    As a result of the false information provided by defendant Manzella, plaintiff was prosecuted pursuant under Docket Number 2010KN004491.

21.    The factual allegations sworn to by defendants against plaintiff were materially false and deliberately made to justify the illegal entry into the premises, arrest, and incarceration of the plaintiff.

22.    During the time he was in defendants' custody, plaintiff was strip searched multiple times.

23.    Approximately ten days after his arrest, plaintiff was released from custody charges were subsequently dismissed and the prosecution was terminated in his favor.

24.    At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

25.    Although plaintiff was not properly arraigned, he was charged with crimes pursuant to a criminal complaint which incorporated false information and allegations supplied by defendant Manzella.

26.    It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that he had engaged in any unlawful conduct.

-4-

27.     At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

28.     At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

29.     At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

30.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

31.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION

32.     Plaintiff repeats the allegations contained in paragraphs "1" through "32" above as though stated fully herein.

33.     At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, prosecuting, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was

-5-

lawful, reasonable, or otherwise appropriate.

34.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, denied plaintiff a fair trial, and did so without a reasonable basis to believe such cause existed.

35.     Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

36.     By so doing, the individual defendants, individually and collectively, subjected plaintiff to unlawful searches of person and property, false arrest and imprisonment, and denial of both due process and a fair trial, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

37.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

38.     Plaintiff repeats the allegations contained in paragraphs "1" through "38" above as though stated fully herein.

39.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the

NYPD.

40.    Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

41.    The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and  intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

42.    All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies,

usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

43.     The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

a.     Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b.     Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c.     Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d.     Retaliating against officers who report police misconduct; and

e.     Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

45.     The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a.     *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

b.     *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c.     *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

d.     *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.     *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

f.     *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

g.     *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS)

(SD.N.Y.);

h.   *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i.   *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.   *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.);

k.   *Smith* v. *City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.   *Powers* v. *City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m.   *Dotson* v. *City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n.   *Nonnemann* v. *City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o.   *Richardson* v. *City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.   *Barry* v. *New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q.   *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

r.   *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.   *Ariza v. City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.).

46.   In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration --

-9-

through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

47.　　Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

48.　　It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

49.　　By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

-10-

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.   on the causes of action one and two, actual and punitive damages in an amount to be determined at trial;

ii.   statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iii.   such other relief as the Court deems just and proper.

Dated:   Brooklyn, New York
         June 28, 2012

                    By:   _____
                          Michael Lumer (JM-1947)
                          Reibman & Weiner
                          Attorneys for Plaintiff
                          26 Court Street, Suite 1808
                          Brooklyn, New York 11242
                          718-522-1743

-11-